[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16281
Non-Argument Calendar

_____

D. C. Docket No. 05-01584-CV-T-MSS

KENDYL D. STAROSTA,

Plaintiff-Appellant,

versus

MBNA AMERICA BANK, N.A.,
WACHOVIA CORPORATION,
GEORGE L. KUFFREY,

Defendants,

NCO PORTFOLIO MANAGEMENT, INC.,
DAVID E. BORACK,
STEVEN M. CANTER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 12, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Kendyl Starosta sued Wachovia Corporation, NCO Portfolio Management, George Kuffrey, David Borack, and Steven Canter for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–92p.[1]  The defendants filed a motion to dismiss Starosta's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), which the district court granted.  On appeal Starosta contends that the district court erred in dismissing her claim, arguing that the court incorrectly determined that the use of the abbreviation "P.A." in the name "Law Office of David Borack, P.A.," was not a false, deceptive, or misleading representation under 15 U.S.C. § 1692e.  According to Starosta, the abbreviation gives the false impression that Borack's law office is registered as a professional corporation in Florida.  For the reasons set forth below, we affirm.

## I.

In 1998 Starosta received an unsolicited Wachovia Visa credit card in the mail.  She used the credit card, but did not pay her bill.  In 2003 NCOP, a debt purchasing company, acquired the rights to Starosta's delinquent account.  Acting

---

[1] MBNA America was originally named as a defendant, but Starosta voluntarily dismissed MBNA.  Wachovia was not named as a defendant in Starosta's second amended complaint.

2

through its business affiliate, NCO Financial Systems, Inc., NCOP attempted to collect the balance on Starosta's delinquent account and advised Starosta that her debt was being considered for referral to a debt collector. In July 2004, NCOP brought an arbitration claim against Starosta and obtained a $3,016 award. Starosta did not pay the arbitration award.

In January 2005 NCOP hired the Law Office of David Borack, P.A., to file a claim against Starosta to enforce the arbitration award. Soon thereafter Starosta reached a settlement with NCOP, agreeing to pay $1,351.56 to satisfy her debt. Starosta did not pay that amount either. As a result NCOP instructed Borack's law office to file an enforcement action in Florida state court.

On August 26, 2005, Starosta initiated this lawsuit, alleging violations of the FDCPA, 15 U.S.C. §§ 1692–92p, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq.[2] The defendants filed a Rule 12(b)(6) motion to dismiss, alleging that Starosta had failed to state a claim. On August 18, 2006, the court granted the motion without prejudice, which allowed Starosta to file an amended complaint. She did so, and the defendants again moved to dismiss under Rule 12(b)(6) for failure to state a claim. The court granted that motion, but this time it dismissed Starosta's complaint with prejudice. She then filed this appeal.

---

[2] Because it dismissed Starosta's federal claim, the district court declined to exercise supplemental jurisdiction over her state law claim.

3

## II.

We review de novo a district court's decision to grant a motion to dismiss under Rule 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005). Section 1692e of 15 U.S.C. provides that "[a] debt collector may not use any false, deceptive, or misleading representation in connection with the collection of any debt." That section is divided into sixteen subsections, which provide a non-exhaustive list of prohibited debt collection practices. Starosta's main contention is that the Borack's law office violated 15 U.S.C. § 1692e(10), (14). Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Likewise, § 1692e(14) prohibits "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

Starosta's appeal centers on the letters "P.A." in the name of defendant Borack's law office, the "Law Office of David Borack, P.A." According to Starosta, only entities that are registered as professional service corporations under Fla. Stat. §§ 621.03–.12 are permitted to use the abbreviation "P.A." in connection

4

with their name. Since Borack's office is not organized as a professional service corporation, Starosta argues that the use of that abbreviation not only violates Florida's fictitious name registration statute, Fla. Stat. § 865.09(14), and Rule 4-7.10 of the Florida Rules of Professional Conduct, but she also contends that using the abbreviation violates 15 U.S.C. § 1692e(10), (14). Starosta likewise argues that NCOP is vicariously liable for Borack's violation, because Borack was NCOP's agent in the debt collection action.

Initially, we note that the relevant portion of Florida's fictitious names statute, Fla. Stat. § 865.09(14), prohibits the use of the words "corporation" or "incorporated" or the abbreviations "Corp." or "Inc." unless "the business for which the name is registered is incorporated or has obtained a certificate of authority to transact business in this state pursuant to chapter 607 or chapter 617." It says nothing about the use of the abbreviation "P.A." Similarly, except for a few exceptions not relevant to this case, Fla. Stat. § 621.12 requires any professional service entity that either incorporates or organizes itself as a limited liability company in Florida to include the phrase "professional association" or the abbreviation "P.A." in its name. The statute does not address the use of the abbreviation "P.A." by an entity other than an L.L.C. or a corporation. As for Rule 4-7.10 of the Florida Rules of Professional Conduct, it allows a law firm to use a

trade or fictitious name so long as that name does not deceive or mislead.

In any event, the issue in this appeal is not whether Borack is in compliance with Florida state law, the issue is whether Borack's law office made a false or misleading communication in violation of the FDCPA. And there is nothing in the record indicating that it did. The name of Borack's law office, the "Law Office of David E. Borack, P.A." is the name by which Borack holds himself out to the public, and it is also the name by which the firm has been registered with the state of Florida since 2001, in accordance with Florida's fictitious names registration statute, Fla. Stat. § 865.09. Furthermore, it is the name that has appeared on the firm's letterhead and other correspondence with Starosta's attorney. Most importantly, there is no indication that the letters "P.A." misled, confused, or deceived Starosta or her attorney. See Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 400–01 (6th Cir. 1998) (concluding that debt collector's use of a synonym did not violate § 1692e(10) because such conduct did not "misrepresent the amount of a debt, the consequences of its non-payment, nor the rights of the contacted debtor").

**AFFIRMED**.